IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL DARNELL JONES, § | |
|     Plaintiff, § | |
| § | |
| v. § | No. 3:22-cv-1875-C (BT) |
| § | |
| ESTHER GORMAN, et al., § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michael Darnell Jones, proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 and paid the filing fee. For the following reasons, however, the Court should dismiss his case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**Background**

In response to a deficiency order noting that his original complaint failed to comply with Federal Rule of Civil Procedure 8, Jones filed an amended complaint listing Esther Gorman; the Code Enforcement Department of Cedar Hill, Texas; the Cedar Hill Police Department; and Stacey Graves, the director of neighborhood services for Cedar Hill, as defendants. *See* ECF No. 15; ECF No. 18 at 19. The amended complaint contains no specific factual allegations.[1] Instead, it charges all defendants broadly with "race discrimination." ECF No. 15 at 4.

---

[1] "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to or adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346

Jones responded to a Magistrate Judge Questionnaire (MJQ) to clarify his claims. ECF No. 18. In his responses to the MJQ, Jones refers the Court to the state-court docket sheet in his recently-dismissed case *Michael Jones v. Esther Gorman and Gene Gorman*, Cause No. DC-22-07597 (68th Judicial Dist. Ct., Dallas Cnty.), in which he sought a restraining order against Esther and Gene Gorman for stalking him, harassing him, coming onto his property without permission, and acting as a nuisance.[2]

When asked in the MJQ to explain how each defendant's actions violated the law and what, specifically, each defendant did, Jones replied, "character assassination, racial, civil rights contempt and disrespect, characterizing." ECF No. 18 at 2-3. He claims that defendants' actions violated the First Amendment, and he seeks recourse under Section 1983. ECF No. 18 at 3.

## Legal Standards

It is well-established that a district court may dismiss a complaint on its own motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. *See Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). The procedure for dismissing a complaint *sua sponte* must be

---

(5th Cir. 1994). Thus, Jones's amended complaint is the operative pleading. But, in the interest of justice, the Court also considered his original complaint in its analysis.

[2] He makes similar allegations against these same defendants in another, currently-pending federal case. *See Michael Darnell Jones v. Code Enforcement Business, et al.*, 22-cv-1907-X-BT (N.D. Tex.).

2

fair. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (quoting 5A Wright & Miller, FED. PRACTICE AND PROCEDURE § 1357, at 301 (2d ed. 1990)). This requires notice of the intent to dismiss and an opportunity to respond. *Id.* at n.5. "The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond." *Fantroy v. First. Fin. Bank, N.A.*, 2012 WL 6764551, at *7 (N.D. Tex. Dec. 10, 2012) (citing *Ratliff v. Coker*, 2008 WL 4500321, at *3 n.1 (E.D. Tex. Sept. 26, 2008)).

To state a claim upon which relief may be granted under Rule 12(b)(6), a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

And, "[a]lthough pleadings filed *pro se* are generally held to less stringent standards than those drafted by lawyers, *pro se* litigants must still reasonably comply with procedural rules." *Miller v. Lowe's Home Ctrs. Inc.*, 184 F. App'x 386, 389 (5th Cir. 2006) (per curiam) (citing *Grant v. Cuellar*, 59 F.3d 523, 524-25 (5th Cir. 1995)).

**Analysis**

To state a claim under Section 1983, a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color

3

of state law when they committed the violation. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). For the following reasons, Jones fails to state a plausible Section 1983 claim.

 A. Jones's claims against the Cedar Hill Code Enforcement Department and the Cedar Hill Police Department should be dismissed because they are nonjural entities.

Jones sues the Cedar Hill Code Enforcement Department and the Cedar Hill Police Department.

"The capacity of an entity to be sued is 'determined by the law of the state in which the district court is held.'" *Hutchinson v. Box*, 2010 WL 5830499, at *1 (E.D. Tex. Aug. 20, 2010), *rec. accepted* 2011 WL 839864 (E.D. Tex. Feb. 17, 2011). To sue a city department in Texas, the city department "must enjoy a separate legal existence;" it must be a "separate and distinct corporate entity." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). "[U]nless the 'true political entity' has explicitly '[granted] the servient agency with jural authority,' it may not sue or be sued." *Id.* (quoting *Darby*, 939 F.2d at 313). "A plaintiff has the burden of showing that a county [or city] department has the capacity to be sued. However, if a plaintiff fails to allege or demonstrate that such defendant is a separate legal entity having jural authority, then claims against the entity should be dismissed as frivolous and for failing to state a claim." *Hutchinson*, 2010 WL 5830499, at *1 (internal citations and quotation marks omitted).

Here, Jones does not allege that the Cedar Hill Code Enforcement Department or the Cedar Hill Police Department has the power to sue or be sued;

4

therefore, his claims against these defendants should be dismissed. *See, e.g.*, *Smith v. City of Princeton, Texas*, 2017 WL 9285515, at *5 (E.D. Tex. Oct. 31, 2017), *rec. accepted* 2018 WL 316470 (E.D. Tex. Jan. 8, 2018) (finding that the City of Princeton Code Enforcement Department was a nonjural entity); *Davis v. Cedar Hill Police Dep't*, 2018 WL 1633023, at *4 (N.D. Tex. Mar. 9, 2018), *rec. accepted* 2018 WL 1617858 (N.D. Tex. Apr. 4, 2018) (the Cedar Hill Police Department is a nonjural entity that cannot be sued).

- B. Esther Gorman is not a state actor, and the allegations against her are insufficient to state a claim.

Only a state actor can be held liable under Section 1983. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 923 (1982). A party may be considered a state actor if it "has acted with or obtained significant aid from state officials," or if its "conduct is otherwise chargeable to the State." *Id.*

Jones fails to allege any facts showing that Esther Gorman is a state actor. There is no indication from Jones's pleadings that Esther Gorman has any government connection. She appears to simply be Jones's neighbor.[3]

Even if Gorman was a state actor, allegations of verbal abuse, harassment, and stalking do not present a constitutional issue. *See, e.g.*, *Hines v. Graham*, 320 F.Supp.2d 511, 520 (N.D. Tex. 2004) (noting that claims of verbal abuse and harassment are not actionable under Section 1983) (citing *Bender v. Brumley*, 1

---

[3] This same reasoning would also apply to the extent that Jones is suing Gene Gorman.

F.3d 271, 274 n.4 (5th Cir. 1993)); *see also Williams v. Farmer*, 2013 WL 1156426, at *5 (N.D. Ill. Mar. 20, 2013) ("[A]llegations of stalking and harassment do not constitute a 'seizure' under the Fourth Amendment."); *Chavarin v. Westchester Public Library Bd. of Trustees*, 2015 WL 5117859, at *3 (N.D. Ill. Aug. 28, 2015) ("[R]egardless of whether Plaintiffs have (or can) allege that such actions were 'under color of law,' decisions within this Circuit and elsewhere consistently hold that allegations of stalking, harassment, offensive language, and even threats by a public official are legally insufficient to support an equal protection claim or other constitutional claim, as is necessary for relief under § 1983.") (collecting cases).

As for the trespassing allegations, while the Fifth Circuit does not appear to have addressed the issue, other courts have held that trespass to land is merely a common law tort without constitutional ramifications. *Lugaila v. Midway Sewerage Authority*, 2008 WL 5287318, at *2 (W.D. Pa. Dec. 18, 2008) ("Although the Supreme Court has not yet spoken to the issue, several courts have held that a trespass to land, in itself, is not a Fourteenth Amendment Due Process violation that may be remedied by § 1983. The Courts of Appeals for the Seventh, Eighth and Tenth Circuits have stated that a trespass by a state actor alone does not violate the Fourteenth Amendment because trespass to land is merely a common law tort.") (citing *Andree v. Ashland Cnty.*, 818 F.2d 1306, 1315 (7th Cir. 1987); *Collier v. City of Springdale*, 733 F.2d 1311, 1315 n.6 (8th Cir. 1984)) (further citations omitted).

Finally, the allegations that Gorman (or any other defendant) engaged in racial discrimination and/or violated the First Amendment are too conclusory to

6

state a claim. *See, e.g.*, *McFerrin v. Oates*, 2016 WL 5109183, at *2 (E.D. Tex. Aug. 4, 2016) ("Conclusory allegations and legal conclusions without factual support are insufficient to avoid dismissal of the complaint.") (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

In short, Jones fails to state a Section 1983 claim against Esther Gorman.

C. Jones fails to state a Section 1983 claim against Graves.

As for Graves, while she—as the Director of Neighborhood Services for Cedar Hill—appears to be a state actor, Jones does not allege that she was involved in the alleged trespass of his property or the stalking, harassment, or nuisance-related conduct. It is well-established that "[p]ersonal involvement is an essential element of a civil rights cause of action" under Section 1983. *Hinojosa v. Livingston*, 807 F.3d 657, 668 (5th Cir. 2015) (citing *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)).

And, at any rate, as explained above, the conduct that Jones is complaining about—harassment, stalking, and trespass—does not support a Section 1983 action, and his allegations of race discrimination and a First Amendment violation are conclusory. Thus, Jones fails to state a Section 1983 claim against Graves even assuming that she is a state actor.

**Leave to Amend**

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No.

7

3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citation omitted).

Here, Jones has filed two complaints and responded to an MJQ. "A verified questionnaire response allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant to amend his complaint." *Merchant v. Garland Police Dep't*, 2022 WL 1158262, at *7 (N.D. Tex. Mar. 28, 2022), *rec. accepted* 2022 WL 1158005 (N.D. Tex. Apr. 19, 2022) (citing *Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam)). Because Jones has filed two complaints and responded to an MJQ, he has had ample opportunity to plead his best case and further leave to amend is not necessary or warranted.

## Recommendation

The Court should *sua sponte* dismiss Jones's case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

SO RECOMMENDED.

Signed March 21, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

9