IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MICHAEL DARNELL JONES,     §
      Plaintiff,             §
                       §
v.                         §   No. 3:22-cv-1875-C (BT)
                       §
ESTHER GORMAN, et al.,      §
      Defendants.         §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is *pro se* plaintiff Michael Darnell Jones's filing (ECF No. 25) entitled "File Motions to Refile in Another Court who has Jurisdiction in this Matter Rule 41(b)," which the Court construes as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). As explained below, Jones's motion should be DENIED.

**Background**

Jones filed this civil action against Defendants Esther Gorman; the Code Enforcement Department of Cedar Hill, Texas; the Cedar Hill Police Department; and Stacey Graves, the director of neighborhood services for Cedar Hill. ECF No. 15; ECF No. 18 at 19. He charged Defendants broadly with race discrimination. ECF No. 15 at 4. He also referenced an action in state court in which he sought a restraining order against Esther and Gene Gorman for stalking him, harassing him, coming onto his property without permission and acting as a nuisance. ECF No. 19 at 2. When asked to explain how each Defendant's actions violated the law

and what, specifically, each defendant did, Jones replied, without explanation, "character assassination, racial, civil rights contempt and disrespect, characterizing," and also claimed that Defendants violated the First Amendment. ECF No. 18 at 3.

On April 17, 2023, the Court, after considering Jones's objections, accepted the findings, conclusions, and recommendation (FCR) of the United States Magistrate Judge and *sua sponte* dismissed Jones's case with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 19 (FCR); ECF No. 23 (Order Accepting FCR); ECF No. 24 (Judgment).

On May 3, 2023, Jones filed a document entitled "File Motions to Refile in Another Court who has Jurisdiction in this Matter Rule 41(b)." ECF No. 25. It is unclear what relief Jones seeks. He again charges that "Esther Gorman, et al., Gene Gorman and son" engaged in racism, corruption, bias, and criminal behavior, but he provides no specific facts. ECF No. 25 at 2. He says that he wishes to file an amended complaint showing his entitlement to relief. ECF No. 25 at 3. He attaches a proposed amended complaint in which he claims that he is entitled to relief, mentioning concepts like "professional negligence, race discrimination, indirect discrimination, harassments, [] victimizations . . . defamation . . . fraud, [and] misconduct," but he does not provide any facts. ECF No. 25 at 4. He also mentions a motion for a default judgment, but it is unclear whether he is trying to file one. ECF No. 25 at 3.

**Legal Standards and Analysis**

Because judgment was entered at the time Jones filed the instant motion, which seeks, in part, leave to amend, the Court construes it as a motion seeking to alter or reopen the judgment. *See*, *e.g.*, *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citations omitted) ("When a district court dismisses an action and enters a final judgment, . . . a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60."); *see also Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021).

And because Jones filed his motion within 28 days of the entry of judgment, the motion is construed under Rule 59(e)—not Rule 60(b). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) ("A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b) . . . . If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60.") (internal citations omitted)).

A Rule 59(e) motion "is appropriate (1) when there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Id.* at 182 (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). But "[a] motion under Rule 59 cannot be used to raise arguments or claims 'that could, and should, have been made before the judgment issued.'" *Id.* (quoting *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (per curiam)). Further, "[i]t is within the district court's discretion whether to reopen a case under [Rule] 59(e)." *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 276 (5th Cir. 2000) (citing *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Emp'rs Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)).

Jones fails to show that relief is warranted under Rule 59(e). He does not point to any intervening change in the controlling law or present newly discovered evidence that was previously unavailable. Nor does he show that there was any manifest error of law or fact. His motion contains no coherent argument at all. Applying the most liberal construction, he suggests that an amended complaint will show that he is entitled to relief. ECF No. 25 at 3. But he does not explain how. He also focuses on Rule 41(b), which deals with involuntary dismissals without

prejudice, but this rule is inapplicable because his case was not dismissed under that rule. *See* FED. R. CIV. P. 41.

Finally, to the extent that his vague reference to refile in another court with jurisdiction could be considered an argument attacking the Court's jurisdiction to enter judgment against him, it is meritless. Jones asserted his claims pursuant to 42 U.S.C. § 1983 (ECF No. 18 at 3), so there was plainly federal question jurisdiction.

In short, Jones's motion falls far short of justifying the "extraordinary remedy" of reconsideration of the judgment under Rule 59(e). *Templet*, 367 F.3d at 479; *see also In re Goff*, 579 F. App'x 240, 245 (5th Cir. 2014) ("A motion for reconsideration should only be granted in extraordinary circumstances.").

## Recommendation

Jones's filing entitled "File Motions to Refile in Another Court who has Jurisdiction in this Matter Rule 41(b)," construed as a motion to alter or amend the judgment (ECF No. 25), should be **DENIED**.

SO RECOMMENDED.

Signed October 11, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).